UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| BRIAN KISTLER | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:21-MC-00011-SLC |
| | ) | |
| UNITED STATES SECURITIES AND | ) | |
| EXCHANGE COMMISSION, | ) | |
| | ) | |
|    Defendant. | ) | |

## OPINION AND ORDER

Before the Court is a Motion for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978 ("RFPA") filed by *pro se* movant Brian Kistler on May 18, 2021. (ECF 1). Kistler asks that the Court quash an investigative subpoena served by the United States Securities and Exchange Commission (SEC) on JPMorgan Chase Bank, N.A. ("JPMorgan"), seeking Kistler's financial records at JPMorgan. The SEC filed a response in opposition to the motion to quash on June 8, 2021. (ECF 4). Kistler has not filed a reply to the motion, and his time to do so has now passed. N.D. Ind. L.R. 7-1(d)(3)(B).

### *A. Factual Background*

On September 18, 2018, the SEC issued an Order Directing Private Investigation and Designating Officers to Take Testimony in the Matter of Williamsville Sears Management, Inc. ("WSML") (the "Formal Order"), stating that WSML, Century Petroleum Corp. ("CYPE"), Big Time Holdings, Inc. ("BTHI"), and AXM Pharma, Inc. ("AXMP"), together with their officers, directors, employees, partners, subsidiaries, affiliates, or other persons or entities, may have offered, sold, or purchased securities in violation of Section 17(a) of the Securities Act, Section 10(b) of the Securities Exchange Act of 1934, and Rule 10b-5 thereunder. (ECF 4 at 2). In that

regard, the SEC states that it obtained evidence that certain persons may have operated a "pump and dump" scheme designed to defraud investors in the stock of WSML, CYPE, BTHI, and AXMP.[1] (*Id.* at 3).

The SEC further states that through its investigation, it learned that Kistler allegedly played significant roles for WSML, CYPE, BTHI, and AXMP during the time in question and that his work for these companies raised the possibility that he was assisting in the operation of the purported "pump and dump" scheme.[2] (*Id.* at 7-8). Accordingly, on May 13, 2021, the SEC issued subpoenas to JPMorgan and First Merchants Bank ("First Merchants") for Kistler's banking records from January 2017 to the present. (*Id.* at 8). On May 18, 2021, Kistler filed the instant motion to quash the subpoena issued to JPMorgan.[3] (ECF 1).

### B. Applicable Legal Standard

The RFPA provides the sole judicial remedy by which a customer may oppose the disclosure of financial records subpoenaed from his bank. 12 U.S.C. § 3410(e). "The relevant legislative history is clear in its intention to require adjudication of a customer's motion only when his affidavit presents a *prima facie* case of impropriety." *In re SEC Priv. Investigation/ Application of John Doe Re Certain Subpoenas*, No. M8-85 (MBM), 1990 WL 119321, at *2

---

[1] The SEC explains that in a "pump and dump" scheme, scheme operators artificially inflate the price of stock they hold by disseminating false and misleading information to the marketplace to sell their own stock at a higher price. (*Id.* at 3 (citing https://www.sec.gov/answers/pumpdump.htm)).

[2] The SEC states that Kistler served as the chief executive officer, president, director, secretary, and treasurer of BTHI and as a consultant for WSML. (ECF 4 at 7). The SEC further states that Kistler performed various key tasks for WSML, CYPE, BTHI, and AXMP, such as notarizing documents, posting information, and communicating on these companies' behalf. (*Id.* at 7-8).

[3] Kistler does not specifically seek to quash the subpoena issued to First Merchants, though he does include portions of that subpoena with his motion. (*See* ECF 1 at 6-7). To the extent Kistler also seeks to quash the subpoena issued to First Merchants, his motion is DENIED for the same reasons set forth herein as to JPMorgan.

(S.D.N.Y. Aug. 10, 1990) (citation omitted). "Although no detailed evidentiary showing is necessary, [a] plaintiff must 'show a factual basis' for his conclusion that the records are irrelevant." *Id.* (quoting *Hancock v. Marshall*, 86 F.R.D. 209, 211 (D.D.C. 1980)).

"Upon finding that there is a demonstrable reason to believe that the agency is conducting a legitimate law enforcement inquiry and that the records sought are relevant to that inquiry, the court '*shall* deny the motion' to quash." *Sandsend Fin. Consultants, Ltd. v. Fed. Home Loan Bank Bd.*, 878 F.2d 875, 877 (5th Cir. 1989) (quoting 12 U.S.C. § 3410(c)). Accordingly, a court must deny a customer challenge to a subpoena issued pursuant to the RFPA if the government shows: (1) "a demonstrable reason to believe that the law enforcement inquiry is legitimate"; and (2) "a reasonable belief that the records sought are relevant to that inquiry." 12 U.S.C. § 3410(c).

### C. Analysis

"The [SEC] has statutory authority to conduct . . . investigations into possible violations of the securities laws and, in the course thereof, to issue subpoenas to obtain relevant information." *SEC v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 737 (1984); *see SEC v. Arthur Young & Co.*, 584 F.2d 1018, 1023 (D.C. Cir. 1978) ("Congress has endowed the [SEC] . . . with broad power to conduct investigations such . . . as it deems necessary to ferret out violations of the federal securities laws . . . and in that connection to call for production of relevant materials by those who seem to have them." (citation, footnote, and internal quotation marks omitted) (second ellipsis in original). In this instance, the Formal Order dated September 18, 2018, provides a "demonstrable reason to believe that the law enforcement inquiry is legitimate." *Rodriguez v. Fed. Sav. & Loan Ins. Corp.*, 712 F. Supp. 159, 162 (N.D. Cal. 1989) (citation omitted); *see also*

3

*Feiner v. SEC*, 914 F. Supp. 2d 474, 477 (S.D.N.Y. 2012).

Subpoenaed information is relevant if it "touches a matter under investigation." *Sandsend*, 878 F.2d at 882; *see In re John Doe*, 1990 WL 119321, at *2 ("The statute does not require the agency to show that the records are relevant, but rather that there is a reasonable belief that the records sought are relevant." (internal quotation marks omitted)); *United States v. Wilson*, 571 F. Supp. 1417, 1420 (S.D.N.Y. 1983) ("[T]he RFPA requires only that financial information be relevant to a 'legitimate law enforcement inquiry,' and not relevant in a narrow, evidentiary sense . . . ."). Here, the subpoenaed information appears relevant to the SEC's investigation into the possible "pump and dump" scheme. As the SEC explains, Kistler's banking records may help identify who was involved in the alleged scheme, the extent of their involvement, and the location of any proceeds of the scheme. (ECF 4 at 12).

In his motion, Kistler argues that the subpoena should be quashed because he has already provided all of his bank statements to the SEC as requested, and that "if there are specific transaction details needed they can just ask for them." (ECF 1 at 1; ECF 1-1). Kistler also claims that the subpoena is "to[o] broad," though he does not suggest in what aspect the subpoena is overly broad. (*Id*.). As the SEC points out, Kistler may not possess all of the subpoenaed financial records, and in any event, the SEC need not rely entirely on Kistler—whose interest may be inconsistent with furthering the investigation—to produce this financial information. (ECF 4 at 13). The SEC is entitled to received Kistler's subpoenaed financial records directly from JPMorgan and First Merchants. And while not every record sought may ultimately be relevant to the investigation, this does not render the subpoena overly broad. The SEC need only show it has "a reasonable belief that the records sought are relevant

4

to that inquiry," *In re John Doe*, 1990 WL 119321, at *2, and here it has done so. Therefore, Kistler's motion to quash will be DENIED.

### D. Conclusion

For the foregoing reasons, Kistler's Motion for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978 (ECF 1) is DENIED.

SO ORDERED.

Entered this 25th day of June 2021.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge